## D. W. MANGUM v. THE STATE.

No. 16407. Delivered February 21, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

Appellant with Cope went to the barn of Rogers and took therefrom a pair of lines and a bridle. Cope swore to these facts as a State witness, and appellant, testifying in his own behalf, admitted them to be true. The only point of contention in the case is as to whether the barn in question was closed at the time the property was taken, and was then opened by appellant. On this point Rogers swore as follows: "That door was closed; we had to keep it closed. * * * This door is in the outside wall of that barn, and it is visible from my house. * * * It is something like a hundred yards. * * * You ask me * * * and I answer that I know that it was closed or it would have been full of cows and horses. They would have gone in and torn everything up. You say that I evidently mean that they could have torn it up if they had found it open, and I answer that we never found it open. It was fastened with a button. It was fastened with a button that you turn, that is a small block of wood with a nail through the middle of it, and you turn that and it is fastened. * * * Well, it is bound to have been closed. We can see it from the house. There is nothing between the barn and the house." In his charge to the jury the court told them that if they believed from the evidence that appellant and Cope found the door

to Rogers' barn open, and exercised no force to enter said barn, or if they had a reasonable doubt as to this fact, they should find appellant not guilty. Appellant swore that the door was open when they went there. Cope said appellant went around to the door first, but when he got there it was open. He did not know what its condition was when appellant got there. We think the evidence sufficient to justify the jury's conclusion of guilt.

There are two bills of exception in the record. The first complains of the reception in evidence of a statement by Cope in which he said that after being arrested, he told the officers that he and appellant had gone into the barn or shed of Rogers near Bangs in Brown County, and had taken the bridle and pair of leather check lines therefrom on the night before they were arrested. If this was erroneously received, it would not be reversible error because of the fact that appellant, while on the witness stand, testified to the fact that they did go into this barn and get this bridle and these check lines. In this connection we observe that appellant was given the lowest penalty by the jury, and no possible injury could have resulted from the reception of the evidence, in any event.

The other bill of exceptions complains of the fact that the district attorney, in his opening argument to the jury, among other things, said: "Gentlemen of the Jury: This defendant is my fellow townsman and my neighbor, and I am telling you he ought to be in the penitentiary." In response to the request of appellant the trial judge instructed the jury that they could not consider these remarks of the district attorney. This bill of exceptions is approved with the qualification, in substance, that upon objection being made to such argument by appellant, the court orally instructed the jury not to consider any statement as to any fact except it be based on evidence,—that they could consider no statement from the attorney's personal knowledge. It is further stated that after the court so orally instructed the jury, the district attorney then said to the jury, in substance, that he meant that notwithstanding he was defendant's neighbor and friend, he thought he ought to be in the penitentiary. We see nothing in this remark of the prosecuting attorney which might not be based upon and arise out of the testimony in the case. It appeared from the evidence that appellant lived in the same town as did said prosecuting attorney.

The evidence showed without question that appellant and Cope were found in possession of various articles of property of similar kind and character to the bridle and lines taken from

the Rogers' barn. Cope testified that when they were arrested Mangum had gone into a shoe shop, but he did not know if he took the leather in there and offered it for sale or not. He further said that when arrested they had some bridles and some lines in their car, and a "riding bridle," some tires, a pump and a battery. Appellant testified in his own behalf "At the time I was arrested we had the lines there and these other articles of property there in my car."

The only question in the case being whether or not the door was closed, and the case one of burglary as charged in the indictment, and the only complaint being as above stated, we think no reversible error appears, and the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the argument of the district attorney complained of in bill of exception number two was unauthorized and harmful. We have again examined said bill and remain of opinion that it was properly disposed of in our original opinion. The evidence justified the attorney in drawing the conclusion that appellant ought to be in the penitentiary and if his language was susceptible of the expression of his individual opinion the court instructed the jury not to regard it.

The motion for rehearing is overruled.

*Overruled.*